## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

| | |
|---|---|
| **JAMES STARKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **Case No. 23-cv-00334 (APM)** |
| **RICARDO F. FERNANDEZ, M.D.,** *et al*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

———————————————————————

## <u>MEMORANDUM OPINION</u>

### I.

Plaintiff James Starkes brings the instant action against Defendants Dr. Ricardo F. Fernandez and LaClinica del Pueblo, Inc. ("LaClinica"), alleging that Defendants were negligent in their care and treatment of Plaintiff from July 2013 through May 2019 when they failed to timely diagnose and treat his prostate cancer. Plaintiff contends that he suffered physical and emotional injuries, lost the ability to live disease free, his chances of survival have been diminished, his life expectancy has been shortened, and he has suffered and will continue to suffer loss of earnings and impairment of earning capacity. Plaintiff seeks $25,000,000 in damages. He initially filed suit in the Superior Court of the District of Columbia, and the matter was removed to this court pursuant to 42 U.S.C. § 233(c). *See* Notice of Removal, ECF No. 1.

Before the court is the United States' combined motion to substitute and dismiss. Gov't Combined Mot. to Substitute and Mot. to Dismiss, ECF No. 4 [hereinafter Gov't Mot.]. Specifically, the United States seeks to (1) substitute itself as the sole defendant pursuant to 42 U.S.C. § 233(g)(1)(A); (2) dismiss Plaintiff's complaint for lack of subject matter jurisdiction for failure to exhaust administrative remedies; and (3) dismiss Plaintiff's claim on the grounds that

it is time-barred.  Gov't Mot. at 7–8.  For the reasons discussed below, the United States' motion is granted.

## II.

From July 2013 through May 2019, Plaintiff received medical treatment and care from Dr. Fernandez, his primary care physician at LaClinica.  Notice of Removal, Compl., ECF No. 1-2, [hereinafter Compl.], ¶¶ 9–12.  Plaintiff's visits with Dr. Fernandez included routine physical examinations, follow-up visits concerning Plaintiff's blood pressure and hypertension, laboratory studies, and a hernia diagnosis and treatment.  *Id*. ¶ 10.  Plaintiff alleges that Dr. Fernandez failed to advise him that "as an African American male he was at an elevated risk for developing prostate cancer," and failed to perform a prostate-specific antigen (PSA) test or discuss the benefits of screening for prostate cancer through a PSA test.  *Id*. ¶¶ 10, 18.  Around June or July of 2019, Plaintiff began experiencing lower back pain, and in August he underwent a PSA test and biopsy at George Washington University Hospital that found adenocarcinoma of the prostate.  *Id*. ¶¶ 13–15.  Since August 2019, Plaintiff has been receiving radiation and chemotherapy for his metastatic prostate cancer.  *Id.* ¶ 17.

In February 2023, over three years after his diagnosis, Plaintiff filed the instant action against LaClinica and Dr. Fernandez for failure to timely diagnose and treat his prostate cancer.  *See id*.

## III.

The court first addresses whether to substitute the United States as the sole defendant in this action.  Under the Public Health Service Act ("PHSA"), the United States "may substitute itself for employees of the Public Health Service ('PHS') who are defendants in state civil actions, [thereby] bringing the action under the [Federal Tort Claims Act ('FTCA')]," if (1) the Secretary

of Health and Human Services (the "Secretary") determines that the defendants are PHS employees, and (2) the Attorney General certifies that the defendants "were acting in their scope of employment when they performed the acts which gave rise to the suit." 42 U.S.C. § 233(c), (g)(1)(A) (2022); *see Afolabi-Brown v. Coombs*, No. 18-cv-1409 (EGS), 2019 WL 1331039, at *2 (D.D.C. Mar. 25, 2019). The United States contends that it is the only appropriate defendant in the instant case because (1) LaClinica was a "grantee of the Department of Health and Human Services ('DHHS') by operation of the PHSA," and Dr. Fernandez was employed by LaClinica, making both Defendants PHS employees, and (2) both LaClinica and Dr. Fernandez were "acting within the scope of their employment . . . at the time of the incidents alleged." Gov't Mot. at 4.

*PHS Employee Determination.* The Secretary is responsible for determining whether a "public or non-profit private entity receiving federal funds" under 42 U.S.C. § 254(b)—and employees or contractors of that entity—are PHS employees covered by the FTCA. *See* 42 U.S.C. § 233(g)(1)(A), (g)(4). The Secretary's determination is "final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." *Id.* § 233(g)(1)(F). Here, the Secretary has "deemed LaClinica to be Public Health Service employees for the period of January 1, 2013, to the present," Gov't Mot. at 5, and "Dr. Fernandez was an employee of LaClinica . . . at the time of the" alleged incidents, *id.*, Torres Decl., ECF No. 4-1, at 2. Therefore, the court finds that LaClinica and Dr. Fernandez are PHS "employees" for purposes of the PHSA.

*Scope of Employment.* The Attorney General, or by delegation the "United States Attorney in the district where the civil action or proceeding is brought," may certify that an entity and its employee were acting within the scope of employment at the time of the alleged incident. 42 U.S.C. § 233(c); 28 C.F.R. § 15.4(a) (2003). Such a certification constitutes "prima facie evidence that the defendant was acting within the scope of . . . [his] employment." *Kimbro v.*

*Velten*, 30 F.3d 1501, 1505 (D.C. Cir. 1994); *Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006).  In this case, the Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, certified that LaClinica and Dr. Fernandez acted within their scope of employment as employees of the PHS at the time of the events at issue.  Gov't Mot. at 7; Notice of Removal, Hudak Cert., ECF No. 1-3, at 1.

A scope-of-employment certification does not end the inquiry.  At the pleadings stage, the plaintiff "bears the burden . . . to raise a material dispute regarding the substance" of the certification "by alleging facts that, if true, would establish that the defendants were acting outside the scope of their employment."  *Stokes v. Cross*, 327 F.3d 1210, 1214–15 (D.C. Cir. 2003).  A plaintiff who meets this burden is entitled to discovery and, if necessary, an evidentiary hearing to resolve disputed facts.  *See id.*

In this case, Plaintiff has not met even this low bar.  If anything, Plaintiff's allegations are entirely consistent with the certifications.  Plaintiff generally avers that Defendants "were acting as the real, apparent, and/or ostensible agents, servants, and employees of each other, individually, and through their respective employees, servants, and/or real and/or apparent and/or ostensible agents."  Compl. ¶ 8.  As to Dr. Fernandez, Plaintiff alleges that he was "acting within the scope of said employment, agency, and/or service, and he was acting individually, when providing medical care and services to the plaintiff."  *Id.* ¶ 6.  Plaintiff specifies that from "July 16, 2013, through December 9, 2014, [he] presented to Dr. Fernandez at LaClinica del Pueblo for medical treatment and care including, but not limited to, routine physical examinations, follow-ups on his blood pressure/hypertension, laboratory studies, and hernia diagnosis and treatment."  *Id.* ¶¶ 10, 12.  In short, Plaintiff's Complaint contains no factual allegations that, if true, would plausibly establish that Defendants' conduct was outside of their physician-patient relationship or that

4

Defendants acted in a way that is "different in kind from that authorized" by their employer. *See* RESTATEMENT (SECOND) OF AGENCY § 228 (Am. L. Inst. 1958).

Plaintiff nevertheless contends that "there are sufficient facts that, if true, would rebut the certifications issued by the U.S. Attorney and put into question the validity of the certifications so filed." Pl.'s Opp'n to Gov't Combined Mot., ECF No. 6, [hereinafter Pl.'s Opp'n], at 10. But he never identifies any fact allegation, in his Complaint or elsewhere, to support that assertion. A bald assertion of disputed material fact is not enough even at the motion-to-dismiss stage to carry a plaintiff's burden. *See Stokes*, 327 F.3d at 1216 (concurring with a Sixth Circuit decision that affirmed the district court's dismissal of a claim without a hearing where the plaintiff did not allege any facts "that, if true, would demonstrate that [the defendant] had been acting outside the scope of his employment") (citing *Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002)).

Accordingly, the court substitutes the United States as the sole defendant and treats this matter as arising under the FTCA. *See Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) ("Consequently, where a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit.").

## IV.

Having found that substitution is proper, the court now turns to whether Plaintiff exhausted administrative remedies. A federal court lacks subject matter jurisdiction if a claimant did not first exhaust administrative remedies under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 107, 113 (1993). Here, there is no dispute that Plaintiff did not timely exhaust administrative remedies. Pl.'s Opp'n at 12 (conceding that it is an "undisputed fact that [he] did not file a Form 95 with the

U.S. Department of Health and Human Services").  The court therefore lacks jurisdiction over this matter.[1]

Before concluding, the court notes that, in 1988, Congress amended the FTCA to provide "plaintiffs an additional sixty days to file an administrative claim with the appropriate federal agency [after dismissal] *as long as the original lawsuit was commenced within the two-year time period allowed for filing a claim*."  *Norman v. United States*, 377 F. Supp. 2d 96, 99 (D.D.C. 2005) (citing 28 U.S.C. § 2679(d)(5) (1988)).  The purpose of the amendment was to "provide some relief for plaintiffs where the United States is unexpectedly substituted as a party defendant and the case is dismissed for failure to exhaust administrative remedies."  *Id.*  The court offers no opinion as to whether Plaintiff might benefit from this provision.

## V.

For the foregoing reasons, Defendant's motion to substitute and motion to dismiss for lack of subject matter jurisdiction, ECF No. 4, is granted.  The court dismisses the Complaint and this action without prejudice.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  June 30, 2023

_____
Amit P. Mehta
United States District Court Judge

---

[1] Because the court lacks the subject matter jurisdiction to hear this case, the court need not rule on Defendant's argument for dismissal for failure to state a claim.